UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Israel FRANCO GUZMAN,<br><br>                                  Petitioner,<br><br>v.<br><br>Todd Blanche, Acting Attorney General of the United States, Department of Justice; Markwayne Mullin, Secretary of Homeland Security; David J. Venturella, Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; Patrick Divver, Field Office Director of the San Diego Immigration and Customs Enforcement Office; Jorge Velarde, Assistant Field Office Director of the Immigration and Customs Enforcement, Otay Mesa Detention Center; Christopher J. LaRose; Senior Warden, Otay Mesa Detention Center,<br><br>                                  Respondents. | Case No.: 26cv3837-GPC(MSB)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

On July 1, 2026, Petitioner Jose Israel Franco Guzman ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking to be released from his

unlawful detention at the Otay Mesa Detention Center. (Dkt. No. 1, Pet.) Respondents filed a response on July 8, 2026. (Dkt. No. 4.) Petitioner filed a traverse on July 10, 2026. (Dkt. No. 5.) Based on the reasoning below, the Court GRANTS in part the petition for writ of habeas corpus and VACATES the hearing set on July 17, 2026.

## Background

Petitioner, a 51-year-old native and citizen of Mexico last entered the United States around April 2004 near Tecate, California without inspection, admission or parole and remained in the United States since that time. (Dkt. No. 1, Pet. ¶¶ 1, 2.) He works in the meat industry, pays his taxes and has no criminal record. (*Id.* ¶ 19.) On June 3, 2026, Petitioner was driving to his work in Escondido, California when he was stopped by vehicles in front, beside and behind him. (*Id.* ¶ 20.) He cooperated and provided a valid California driver's license and a Mexican matricular Identification Card. (*Id.*) The officers informed him that he was not allowed in this country, arrested him and transferred him to the Otay Mesa Detention Center. (*Id.*) He was issued an administrative warrant on June 3, 2026. (Dkt. No. 4, Ex. 1.) He was also placed in removal proceedings under 8 U.S.C. § 1229a and served with a Notice to Appear dated June 3, 2026 and charged with being inadmissible under 8 U.S.C. 1182(a)(6)(A)(i), as a person who entered the United States without inspection and without admission. (Dkt. No. 1, Pet. ¶ 21; *id.*, Ex. A.) Petitioner has built a life in the United States during the past 22 years and lives with his longtime partner and their 22-year old DACA recipient child in Escondido, California. (*Id.* ¶ 18.)

Petitioner alleges five counts: (1) unlawful detention without reasonable suspicion in violation of the Fourth Amendment and 8 C.F.R. § 287.8(b)(2); (2) unlawful arrest without probable cause in violation of the Fourth Amendment and 8 C.F.R. § 287.8(c)(2); (3) warrantless arrest without probable cause of flight risk in violation of 8 U.S.C. § 1357(a)(2); (4) warrantless arrest without reason to believe of flight risk in violation of 8 C.F.R. § 287.8(c)(2)(ii); and (5) violation of Immigration and Nationality Act ("INA") – 8 U.S.C. § 1226(a).

/ / /

**Discussion**

Under 28 U.S.C. § 2241, a writ of habeas corpus may be granted to any petitioner who demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see Rasul v. Bush*, 542 U.S. 466, 473 (2004).  As explained by the Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . .the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Pinson v. Carvajal*, 69 F.4th 1059, 1067 (9th Cir. 2023).  A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009).

In response to the order to show cause, Respondents claim that even though their position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), they acknowledge that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), which the Ninth Circuit later stayed its application beyond the Central District of California. (Dkt. No. 4.)  Nonetheless, Respondents acknowledge courts in this district have been directing bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases.  As such, Respondents do not oppose an order directing a bond hearing be held under 8 U.S.C. § 1226(a).

As to the Fourth Amendment claims, Respondents argue that the Court should decline to address them since the Court will be granting the petition on the INA claim. (Dkt. No. 4 at 2.)  They also argue that Petitioner's request for immediate release due to lack of an administrative warrant is meritless because he was issued an administrative warrant on June 3, 2026.  (*Id.*)

26cv3837-GPC(MSB)

In the traverse, Petitioner does not provide any legal authority to support immediate release under the Fourth Amendment and warrantless arrest claims.[1]  Rather, Petitioner argues that the first four causes of action should be granted as conceded due to the government's failure to meaningfully oppose.  (Dkt. No. 5 at 2 & n.1.)  However, if the Court does not consider the arguments conceded, Petitioner requests the Court issue an order directing a bond hearing in line with rulings in cases within this district.  (Dkt. No. 5 at 2 n.1.)  Because the government addressed the Fourth Amendment and warrantless arrest claims, the Court does not construe them as being waived.  As such, Petitioner, rather than seeking immediate release, requests the Court issue an order directing a bond hearing be held.

Section 1226 requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct Respondents' ongoing violation of the INA as to Petitioner.  *See* 8 U.S.C. § 1226(a); *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1078 (S.D. Cal. 2025) (finding a bond hearing, rather than release, to be the appropriate remedy where Petitioner was wrongfully subjected to mandatory detention without a hearing under 8 U.S.C. § 1225(b)(2) rather than provided a bond hearing under § 1226(a)); *Esquivel-Ipina v. LaRose*, 812 F. Supp. 3d 1073, 1081-82 (2025) (*same*).  Therefore, the Court GRANTS in part the petition for writ of habeas corpus.  Accordingly, IT IS HEREBY ORDERED that

- Respondents **PROVIDE** Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten (10) days of this Order;

---

[1] The Government presented evidence that Petitioner was provided with an administrative warrant on June 3, 2026, the day he was arrested.  (Dkt. No. 4, Ex. 1.)  8 U.S.C. § 1357(a)(2) authorizes warrantless arrests and 8 C.F.R. § 287.3(d) also provides the government 48 hours to issue a warrant if it determines that the noncitizen will remain in custody.  Here, the warrant was issued on the day of Petitioner's arrest and he "has not presented the Court with any controlling authority that would warrant immediate release under these circumstances."  *See Garcia-Juarez v. Blanche*, No. 26cv3007-LL-DEB, ECF No. 18 (S.D. Cal. June 30, 2026).

26cv3837-GPC(MSB)

- Respondents must **FILE** a Notice of Compliance within seven (7) days of the hearing confirming that Petitioner was provided with a bond hearing and stating whether Petitioner was released on bond;

- Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention;

- Respondents **SHALL NOT** transfer Petitioner from this district pending his bond hearing;

- The Clerk of Court **SHALL** enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated:  July 10, 2026

Hon. Gonzalo P. Curiel
United States District Judge

26cv3837-GPC(MSB)